Guaman v New York City Hous. Auth. (2022 NY Slip Op 05592)

Guaman v New York City Hous. Auth.

2022 NY Slip Op 05592

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Index No. 24026/14E Appeal No. 16359 Case No. 2021-03598 

[*1]Luis M. Guaman, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent. [And Other Third-Party Actions]

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Gregory Freedman of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella PLLC, Mineola (Anthony J. Abruscati of counsel), for respondent.

Order, Supreme Court, Bronx County (LlinÉt M. Rosado, J.), entered April 14, 2021, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff fell while in the process of constructing a scaffold near the top of a five-story building. Although he was tied off to the scaffold while laying down the first scaffolding plank, he had admittedly unhooked his harness while laying down the second plank, at which time he fell, claiming that the safety line provided for his use was of an insufficient length to accommodate his movement around the scaffold.
Partial summary judgment on the Labor Law § 240(1) claim is precluded by issues of fact as to whether plaintiff was the sole proximate cause of his accident. While plaintiff and his foreman testified that only a 5- or 6-foot safety line was provided for plaintiff's use and that the line was too short for plaintiff work, plaintiff's employer testified that a 10-foot retractable safety line had been provided in addition to a 6-foot line and that the retractable line was adequate for plaintiff's job. Furthermore, defendant's expert opined that plaintiff could have remained tied off at the time he fell regardless of which safety line was provided. Such conflicting evidence raised issues of fact as to whether plaintiff "had adequate safety devices available, whether he knew both that they were available and that he was expected to use them, whether he chose for no good reason not to do so, and whether had he not made that choice he would not have been injured" (Valente v Lend Lease [US] Constr. LMB, Inc., 29 NY3d 1104, 1105 [2017] [internal quotation marks omitted]; see also Radeljic v Certified of N.Y., Inc., 161 AD3d 588, 589 [1st Dept 2018]).
Plaintiff's contentions that his foreman approved of him working without being tied off, and that he fell because the scaffolding plank on which he stepped was unsecured, are concededly unpreserved, and we decline to review them since their "resolution involves facts relevant to issues not brought to [defendant]'s attention below" (Caminiti v Extell W. 57th St. LLC, 166 AD3d 440, 441 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022